### ROSEN v. BAMBERGER.

(Supreme Court, Appellate Term. April 8, 1910.)

EVIDENCE (§ 460*)—PAROL EVIDENCE—EXPLANATION OF LEASE.

Where a lease provided that the landlord should pay the expense of "keeping the main water supply, sewer, tank, and gas pipes, leading to and from the lofts hereby let, in good condition, and will keep the hoist in repair, and do any other outside repairs necessary," but it did not clearly appear whether the parties meant to include in the "main water supply" a pump on the premises used to drive water to a tank in the lofts, evidence of prior negotiations was admissible to determine the meaning of the words and expressions used in the lease, and the landlord was entitled to reproduce an unexecuted draft of the lease which specifically provided for repairs to the pump, and to show that the parties had cut out this provision because the obligation to repair it was to be imposed on the tenant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2115–2128; Dec. Dig. § 460.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Max Rosen against Abraham E. Bamberger. From a judgment for plaintiff, defendant appeals. Reversed and new trial ordered.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

Hoadly, Lauterbach & Johnson (Henry Siegrist, Jr., and F. R. Minrath, of counsel), for appellant.

Abraham H. Sarasohn, for respondent.

LEHMAN, J. The plaintiff has recovered a judgment for the cost of repairs to a pump upon premises leased by him from the defendant. It appears that the plaintiff leased four stories of a loft building from the defendant, and that the pump was within the premises occupied by the plaintiff, and was operated by him for the purpose of pumping water to a tank on the roof, from which it was distributed to his premises by the force of gravity. Under the lease the defendant agreed to pay the expense of—

"keeping the main water supply, sewer, tank, and gas pipes, leading to and from the lofts hereby let, in good condition, and that he will keep the hoist now in said premises in good working order, and will do any and all other outside repairs that may be necessary."

---

It does not clearly appear from the lease itself whether the parties meant to include in the "main water supply" a pump on the premises occupied by the plaintiff, but used for the purpose of driving water to the 'tank, which was the base of supply for these premises. Under these circumstances, evidence of prior negotiations was admissible to determine the actual meaning of the words and expressions used in the context. For that purpose the defendant should have been allowed to identify the unexecuted draft of a lease, which specifically provided for repairs to the pump by him, to lay the foundation for testimony which might show that the parties had cut out this provision because the obligation to repair was to be imposed upon the plaintiff, and that they used the words of the executed lease with that intent.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.